UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

RICHARD T. RONQUIST, CIVIL NO. 02-120 (JEL/FLN)

Petitioner,

v. REPORT AND RECOMMENDATION

DAVID CRIST, Warden,
Minnesota Correctional Facility,
Stillwater, MN,
SHERYL RAMSTAD HVASS,
Commissioner of Corrections,

Respondents.

The above matter is before the undersigned upon a Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. Petitioner appears pro se; Assistant Ramsey County Attorney Mark Nathan Lystig, appears on behalf of Respondents. The matter was referred to the undersigned by the District Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 (b)(1)(B). Upon review, the issue of whether Petitioner's Petition is time-barred under 28 U.S.C. § 2244 (d) was presented.

For the following reasons, this Court finds that the Petition is untimely under 28 U.S.C. § 2244 (d), and recommends that the Petition be dismissed [Docket No. 1].

**Background**

Petitioner was convicted on state charges of attempted first degree criminal sexual conduct. On direct appeal, the Minnesota Court of Appeals affirmed Petitioner's conviction and sentence. State v. Ronquist, 578 N.W.2d 4 (Minn. Ct. App. 1998). The Minnesota Supreme Court granted review and subsequently affirmed the conviction and sentence. See State v. Ronquist, 444 N.W.2d 600 (Minn. 1999). On May 23, 2000,

AUG 09 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Petitioner filed a Petition for Post-Conviction Relief. On June 6, 2000, the trial court issued an Order denying the Petition. Id. Because the Clerk of Court failed to serve either party with a copy of the Order, Petitioner did not learn of the Petition's denial until after the 60 days in which to file an appeal therefrom lapsed. State v. Ronquist, WL 682709 (Minn. Ct. App. 2001) rev. denied (August 15, 2001); see also Minn. R. Crim P. 2802, subd. 4(3). As a result, Petitioner's appeal, filed on October 6, 2000, was found to be untimely and dismissed by the Minnesota Court of Appeals for lack of jurisdiction. Id. On December 4, 2000, Petitioner filed a second Petition for Post-Conviction Relief. This Petition was ultimately denied on the merits on August 15, 2001. Id. Petitioner filed the present Petition for a Writ of Habeas Corpus on January 15, 2002.

**PROCEDURAL BAR TO REVIEW**

Respondents argue that the district court is procedurally barred from reviewing the present Petition for a Writ of Habeas Corpus, because Petitioner filed it more than one year after his state conviction and sentence became final. Petitioner disagrees, arguing that Respondents have improperly determined the date his state conviction became final and failed to toll the statute of limitations at the appropriate times.

The Anti-Terrorism and Death Penalty Act ("AEDPA") establishes a one-year statute of limitations for habeas corpus petitions filed by state prisoners seeking federal court review of a conviction or sentence. 28 U.S.C. § 2244(d). The process by which the timeliness of a habeas corpus petition may be tested under this statute requires the Court to make three separate determinations. The Court must first determine the date on which the statute of limitations began to run against Petitioner, i.e., the date on which his state-court judgment became final for purposes of 28 U.S.C. § 2244(d)(1)(A). (In this case, we

find that October 20, 1999 is the beginning date). Next, the Court must determine whether the Petition was filed within one year of the date on which the statute began to run. (In this case, we find that the Petition was filed on January 15, 2002). Since the Petition was filed more than one year after the state court judgment became final, it must be dismissed unless it is saved by the tolling provisions of 28 U.S.C. § 2244(d)(2). In applying those provisions we find that a sufficient period of time is not excluded to make Petitioner's application timely.

We consider each of the three issues below.

## A. Date on Which State Judgment Became Final

Respondents argue that Petitioner's state conviction and sentence became final on October 20, 1999, the date the time for filing a writ of certiorari to the United States Supreme Court expired. Petitioner disagrees, arguing that his conviction and sentence did not become final until May 3, 2000, the date the trial court amended his sentence to include a mandatory conditional release term of ten years.[1]

---

[1] On May 3, 2000, Petitioner's sentence was amended to include a ten-year conditional release term, which is mandated under Minnesota law for repeat sex offenders. See State v. Humes, 581 N.W.2d 317 (Minn. 1998). This condition of Petitioner's sentence was overlooked by the initial sentencing court. However, a sentence that fails to include an applicable mandatory conditional release term is unauthorized and the court may issue a correction at any time without offending a defendant's rights to due process or the protections against double jeopardy. Id. at 320-21; see also State v. Calmes, 620 N.W.2d 61, 63 (Minn. Ct. App. 2000). Also, the correction of Petitioner's sentence did not change the date on which his conviction became final for appeal purposes. Minn. R. Crim. P. 28.02, subd.1 ("A judgment shall be considered final within the meaning of these rules when there is a judgment of conviction upon the verdict of a jury or the finding of the court, and sentence is imposed or the imposition of sentence is stayed.").

Federal law determines the date Petitioner's state conviction and sentence became final. The statute of limitations for seeking federal habeas relief begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). In Smith v. Bowersox, 159 F.3d 345, 348 (8th Cir. 1998), cert. denied, 119 S.Ct. 1133 (1999), the Court interpreted this clause as follows:

> "We conclude that the running of the statute of limitations imposed by § 2244(d)(1)(A) is triggered by either (i) the conclusion of all direct criminal appeals in the state system, followed by either the completion or denial of certiorari proceedings before the United States Supreme Court; or (ii) if certiorari was not sought, then by the conclusion of all direct criminal appeals in the state system followed by the expiration of the time allotted for filing a petition for the writ."

The Minnesota Supreme Court denied Petitioner's direct appeal on July 22, 1999. State v. Ronquist, 600 N.W.2d 444 (Minn. 1999). Petitioner did not file a petition for a writ of certiorari with the United States Supreme Court. Nonetheless, the time allotted for filing such a petition expired 90 days after the final adjudication by the Minnesota Supreme Court. Therefore, with the addition of this 90 day period, Petitioner's "judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" on **October 20, 1999**. 28 U.S.C. § 2244(d)(1)(A).

**B. Filing of Petition for Writ of Habeas Corpus**

Petitioner filed the present Petition for a Writ of Habeas Corpus on **January 15, 2002.** This date is 817 days after Petitioner's state court conviction became final (October 20, 1999). Petitioner filed two Petitions for Post-Conviction Relief, thus implicating the tolling provisions of § 2244(d)(2). Despite the operation of the tolling

provision, the Petition was filed outside the one-year statutory period (365 days), for the reasons explained below.

### C. Tolling of Statute of Limitations

Under 28 U.S.C. § 2244(d)(2), the running of the statute of limitations is tolled during the time when a properly filed application for state post-conviction relief "is pending" in the state courts.[2]

Petitioner filed two Petitions for Post-Conviction Relief. Petitioner's initial Petition for Post-Conviction Relief was filed on May 23, 2000. Petitioner's appeal from the trial court's denial of this Petition was dismissed by the Minnesota Court of Appeals on November 16, 2000. On December 4, 2000, Petitioner filed a second Petition for Post-Conviction Relief. This Petition was ultimately denied on August 15, 2001.[3]

The statute of limitations should be tolled from May 23, 2000, the date Petitioner's first Petition for Post-Conviction Relief was filed, through November 16, 2000, the date that Petition was dismissed. The statute should be tolled again from December 4, 2000, the date the second Petition for Post-Conviction Relief was filed, through August 15, 2001, the date Petitioner's appeal from denial of that Petition became final. The following chart illustrates the relevant procedural events.

---

2 28 U.S.C. § 2244(d)(2) reads as follows:

> (d)(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

| | Event | Date of Event | Countable Days |
|---|---|---|---|
| 1. | State Court Judgment Final (90 days after 7/22/99 - Supreme Court Decision Affirming Conviction) | October 20, 1999 | |
| 2. | Petitioner Files Petition for Post-Conviction Relief | May 23, 2000 | 216 |
| 3. | Minnesota Court of Appeals dismisses Petitioner's appeal of trial court's denial of Petition | November 16, 2000 | 0 |
| 4. | Petitioner Files Second Petition for Post-Conviction Relief | December 4, 2000 | 18 |
| 5. | Minnesota Supreme Court denies Petitioner's request for review of the Court of Appeals denial of Petition | August 15, 2001 | 0 |
| 6. | Petitioner Files Petition for Writ of Habeas Corpus | January 15, 2002 | 153 |

**1. Filing of Petitions for Post-Conviction Relief**

Petitioner disputes the dates on which his state petitions for post-conviction relief were "pending" in the state courts. Pursuant to the "prison mail-box rule" Petitioner argues that the Petitions are deemed to be filed on the dates Petitioner turned them over to prison officials, rather than the dates they were actually received by the court. Petitioner contends that an additional 10 days of the statute of limitations should be tolled because his first Petition for post-conviction relief was filed on May 19, 2000 (instead of May 23, 2000) and his second Petition for Post-Conviction relief was filed on November 28, 2000 (instead of December 4, 2000). Petitioner's argument presents the issue of whether the "prison mail-box rule" applies to filings in state court.

"In its original form, the prison mailbox rule deemed a *pro se* prisoner's notice of appeal 'filed' at the moment he delivered it to the warden for forwarding to the clerk of the district court." Grady v. United States, 269 F.3d 913, 916 (8th Cir. 2001)(citing, Houston v. Lack, 487 U.S. 266 (1988)). The rule has since been codified in Federal Rule of Appellate Procedure 4(c), and extend to host of federal court filings by pro se inmates. See e.g., Hamm v. Moore, 984 F.2d 890, 892 (8th Cir. 1992) (holding inmate's notice of appeal of summary judgment in civil rights action was timely, where inmate delivered the notice of appeal to prison authorities for the purpose of mailing within the filing time limit); United States v. Duke, 50 F.3d 571, 574 (8th Cir. 1995), cert. denied 116 S.Ct. 224 (1995) (inmate's motion for reconsideration of his motion for post-conviction relief was timely served where it was mailed by prison authorities within the ten-day period for filing the motion, even though motion was not received by government or court within the ten days); Simmons v. Ghent, 970 F.2d 392, 393 ( 7th Cir. 1992) (Rule 59(e) motion). Petitioner bears the burden of proving his/her entitlement to the rule. Porchia v. Norris, 251 F.3d 1196, 1198 (8th Cir. 2001).

Although the benefits of the rule have been extended to state prisoner's who file for federal habeas relief, the Court is not aware of any federal authority, extending the rule to state petitions for post-conviction relief. Nichols v. Bowesox, 172 F.3d 1068, 1077 (8th Cir. 1999). The Court is also not aware of the application of a similar rule to prisoner filings in the State of Minnesota. Petitioner has not met his burden of demonstrating that the he was entitled to the benefits of the "prison mailbox rule" in filing his state Petitions for Post-Conviction Relief. As such, Petitioner should not be permitted to toll the one year statute of limitations for an additional 10 days.

### 2. Total Elapsed Days

The time for Petitioner to appeal his state conviction and sentence to the United States Supreme Court by filing a writ of certiorari expired on October 20, 1999. From this date until May 23, 2000 (the date Petitioner filed his first Petition for Post-Conviction Relief) **216 days** lapsed. This Petition was dismissed on November 16, 2000. From November 16, 2000, until Petitioner filed his second Petition for Post-Conviction Relief on December 4, 2000, **18 days** lapsed. The second Petition was denied on August 15, 2001. Petitioner did not file the present Petition for a Writ of Habeas Corpus until January 15, 2002. From August 15, 2001 to January 15, 2002, **152 days** lapsed. Not counting the time the Petitions for Post-Conviction Relief were pending before the state court, **386 days** passed from the date Petitioner's sentence became final until filing of the instant Petition.

### 3. Equitable Tolling of the Statute

#### (a) Petitions for Post-Conviction Relief

Petitioner argues that because he was not notified in a timely manner of the trial court's denial of his first Petition for Post-Conviction Relief, the statute should be equitably tolled from November 16, 2000, the date his first Petition for Post-Conviction Relief was dismissed, through December 4, 2000, the date his second Petition for Post-Conviction Relief was filed. Petitioner's argument is not persuasive.

In instances where a habeas petition is filed beyond the one year deadline imposed by § 2244(d)(1), the doctrine of equitable tolling has been approved by the Eighth Circuit. Moore v. U.S., 173 F.3d 1131, 1134 (8th Cir. 1999). However, equitable tolling will

be allowed only when necessary to protect an innocent litigant from an injustice that otherwise would be caused by a statute of limitations that the litigant was powerless to stop from running. Heideman v. PFL, Inc., 904 F.2d 1262, 1266 (8th Cir. 1990) ("[e]quitable tolling is appropriate only when the circumstances that cause a plaintiff to miss a filing deadline are out of his hands"), cert. denied, 498 U.S. 1026 (1991).

The state court's failure to notify Petitioner of the trial court's initial denial of his first Petition, had no bearing on the 18 days Petitioner waited to file his second Petition. After the appellate court dismissed the first Petition for Post-Conviction Relief on November 16, 2000, Petitioner waited until December 4, 2000, to file his second Petition. Petitioner concedes that in filing his second Petition for Post-Conviction Relief, he merely re-filed the first Petition. (Petitioner's Traverse at p. 3). Because Petitioner could have stopped the running of the statute by immediately filing his second Petition, after learning of the first Petition's dismissal, equitable tolling of the statute is not appropriate.

**(b) Filing of Habeas Petition**

Petitioner argues that he is entitled to equitable tolling of the statute for the period of time between when his Petition for federal habeas relief was completed (January 3, 2002) and when it was mailed (January 14, 2002). Petitioner contends that his Petition was completed on January 3, 2002, however prison officials refused to forward his *in forma pauperis* application until he authorized a $150.00 payment from his prison account to the Clerk of the Federal District Court.

Even assuming that Petitioner's claims are true, tolling the statue of

limitations for the 11 days his *in forma pauperis* application was allegedly delayed by prison officials, would not bring the filing of the present Petition within the one year (365 day) statutory period (386 days -11 days = 375 days).

Petitioner filed the Petition for a Writ of Habeas Corpus, 386 days after his state court conviction became final. Therefore, we conclude that the instant Petition is untimely under 28 U.S.C. § 2244(d), and should be dismissed.

**RECOMMENDATION**

For the reasons set forth above, it is recommended that the Petition for a Writ of Habeas Corpus be denied and the Petition [Docket No. 1] be dismissed.

Dated: August 8, 2002

FRANKLIN L. NOEL
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this report and recommendation by filing with the Clerk of Court and serving all parties, within ten days after being served with a copy thereof, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made.